UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CLARENCE OTWORTH,

       Plaintiff,                                     Hon. Janet T. Neff

v.                                                     Case No. 1:13 CV 129

WANDA BUDNIK, et al.,

       Defendants.
_____/


**REPORT AND RECOMMENDATION**

       This matter is before the Court on Defendants' Motion to Dismiss (Dkt. #18), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons articulated below, the undersigned hereby recommends that Defendants' motion be **granted**.

       **I. Factual Background**

       Plaintiff filed a three-count complaint on February 6, 2013, alleging Racketeering Influenced and Corrupt Organization Act ("RICO") violations under 18 U.S.C. §§ 1961-1968, as well as claims of fraud and breach of fiduciary duty. (Dkt. #1, p. 1). Plaintiff's complaint names eight individuals and one-hundred unnamed parties as defendants. (Dkt. #1, pp. 2-3, ¶¶6-14).

       The following allegations are contained in Plaintiff's unverified complaint. Plaintiff has owned land in the Village of Lakewood Club since 1950. (Dkt. #1, p. 6, ¶48). The Village of Lakewood Club was falsely incorporated in 1967 and has been operating under fraudulent

pretenses since that date. (Dkt. #1, pp. 4-5, ¶¶23-28).[1] Because this incorporation was improper, the elected officials of the Lakewood Club have been acting illegally and in a manner that is "racketeering" for the last half century. (*See* Dkt. #1, pp. 5-7, ¶¶36-37, 58-60, 63, 67-68). More particularly, Defendant Swanson commits mail fraud and extortion, "every July when she mail[s] demands for the payment of property taxes to the people who own land in the Village of Lakewood Club." (Dkt. #1, p. 14, ¶¶155-156). Furthermore, Defendant Budnik "knowingly commits fraud . . . when she assess[sic] the value of unincorporated land for the unincorporated Village . . . for the purpose of levying a property tax on the land owners." (Dkt. #1, p. 14, ¶159). As a result of this racketeering activity, Plaintiff has suffered "physical injury" (Dkt. #1, p. 12, ¶135) in the form of a "tear in his aorta" caused by the "stress of being forced to pay a property tax to an unincorporated village." (Dkt. #1, p. 12, ¶136). Defendants Wanda Budnik and Lisa Swanson ("Defendants") now move to dismiss Plaintiff's allegations on the ground that such fail to state a claim upon which relief may be granted. (Dkt. #18).

**II. Legal Standard**

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the

---

[1]Plaintiff's complaint is comprised primarily of legal conclusions rather than factual assertions. These legal conclusions will not be accepted as true, nor will they be relied upon in the subsequent analysis. As discussed below, legal conclusions are insufficient to defeat Defendants' motion. Nevertheless, such are vital to understanding the gravamen of Plaintiff's complaint.

assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a

pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 F. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

**III. Analysis**

**A. RICO Violations**

The RICO provision authorizing civil actions allows "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]" to file suit under RICO. 18 U.S.C. § 1964(c). 18 U.S.C. § 1962(c) states:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering or collection of unlawful debt.

18 U.S.C. § 1962(c).

To properly allege a RICO claim, the complaining party must show: "'(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.'" *Heinrich v. Waiting Angel Adoption Serv., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012) (quoting *Sedima, S.P.R.L v. Imrex Co.*, 473 U.S. 479, 496 (1985)). To satisfy the racketeering element of a RICO claim, Plaintiff must allege at least one of the various offenses identified in 18 U.S.C. § 1961(1)(B). These offenses are referred to as the predicate acts of racketeering. *See generally Brown v. Cassens Transp. Co.*, 546 F.3d 347, 352 (6th Cir. 2008). To properly allege a RICO claim, Plaintiff must also show injury to his business or property; physical injury is not compensable. *See Brown v. Cassens Transp. Co.*, 675 F.3d 946, 959

(6th Cir. 2012) ("[r]ecovery for physical injury or mental suffering is not allowed under RICO because it is not an injury to business or property.").

While Plaintiff advances in his complaint the legal conclusion that Defendants engaged in mail fraud, Plaintiff's factual allegations are insufficient to state a claim. First, Plaintiff has failed to allege that he suffered an injury to his business or property. As previously noted, alleged physical injuries are insufficient to sustain a RICO claim. *See Cassens Transp. Co.*, 675 F.3d at 959. Second, Plaintiff has not alleged that Defendants acted with the requisite state of mind to commit mail fraud. *See Heinrich*, 668 F.3d at 404 (reasoning that to be guilty of mail fraud, an individual must have acted with the specific intent to defraud) (citing *United States v. DeSantis*, 134 F.3d 760, 764 (6th Cir. 1998)).

Therefore, the undersigned recommends Plaintiff's RICO claim be **dismissed** for failure to state a claim upon which relief may be granted.

### B. Fraud

Under Michigan law, to state a claim for fraud, Plaintiff must demonstrate six elements: (1) Defendant made a material representation, (2) that was false, (3) Defendant made the representation knowing that it was false or made it recklessly without knowledge of its truth, (4) that Defendant intended Plaintiff would act on the representation, (5) that Plaintiff relied on the representation, and (6) that Plaintiff suffered injury as a result of having relied on the representation. *Lucas v. Awaad*, 299 Mich. App. 345, at *8 (Mich. Ct. App. 2013) (citing *Cooper v. Auto Club. Ins. Ass'n*, 751 N.W.2d 443, 448 (Mich. 2008)).

Plaintiff bears the burden of asserting "[f]actual allegations [that are] enough to raise a right for relief above the speculative level." *Twombly*, 550 U.S. at 545. However, while the Court must accept as true all of the allegations contained in Plaintiff's complaint, such treatment is not extended to legal conclusions. As the Supreme Court has held, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Plaintiff has not asserted facts sufficient to prevail on a claim of fraud. Plaintiff merely states in his complaint: "Swanson knowingly committed mail fraud every July when she mailed demands for the payment of property taxes to the people who own land in the Village of Lakewood Club." (Dkt. #1, p. 14, ¶¶155-156). Furthermore, Plaintiff asserts Defendant Budnik "knowingly commits fraud . . . when she assess[sic] the value of unincorporated land for the unincorporated Village . . . for the purpose of levying a property tax on the land owners." (Dkt. #1, p. 14, ¶159). Because such assertions are insufficient to state a claim upon which relief may be granted, the undersigned recommends Plaintiff's fraud claims be **dismissed**.

### C. Breach of Fiduciary Duty

Under Michigan law, a breach of fiduciary duty occurs when "a position of influence has been acquired and abused, or when confidence has been reposed and betrayed." *In re Duane v. Baldwin Trust*, 733 N.W.2d 419, 427 (Mich. Ct. App. 2007). To state a claim for breach of fiduciary duty, Plaintiff must allege Defendants owed Plaintiff a duty and Defendants breached that duty. *See Schultz v. Consumers Power Co.*, 506 N.W.2d 175, 177-78 (Mich. 1993). Duty is "a question of whether the defendant is under any obligation for the benefit of a particular

plaintiff." *Id.* at 177. The existence of a legal duty is a matter of law for the court to decide. *Oja v. Kin*, 581 N.W.2d 739, 741 (Mich. Ct. App. 1998).

Plaintiff's complaint contains no allegations that Defendants owed Plaintiff a duty. *See Schultz*, 506 N.W.2d at 177-178. Without alleging that a duty existed, Plaintiff cannot maintain a claim for breach of fiduciary duty. *See Iqbal*, 556 U.S. at 678. Because Plaintiff has failed to plead facts sufficient to prevail on these claims, the undersigned recommends that such be **dismissed** for failure to state a claim upon which relief may be granted.

### IV. Conclusion

For the reasons stated herein, the undersigned recommends that Defendants' Motion to Dismiss, (Dkt. #18), be granted and Plaintiff's claims against Defendants Budnik and Swanson be **dismissed**.

Respectfully submitted,

Date: July 23, 2013           /s/ Ellen S. Carmody
                              ELLEN S. CARMODY
                              United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).