UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE OTWORTH,

   Plaintiff,          Hon. Janet T. Neff

v.                Case No. 1:13 CV 129

WANDA BUDNIK, et al.

   Defendants.
_____/

## REPORT AND RECOMMENDATION

  This matter is before the Court on <u>Defendants' Motion to Dismiss Under Rule 12</u> (Dkt. #42), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons articulated below, the undersigned hereby recommends that Defendants' motion be **granted**.

  **I. Factual Background**

  Plaintiff filed a three-count complaint on February 6, 2013, alleging Racketeering Influenced and Corrupt Organization Act ("RICO") violations under 18 U.S.C. §§ 1961-1968, as well as claims for fraud and breach of fiduciary duty. (Dkt. #1, p. 1). Plaintiff's complaint names eight individuals and one-hundred unnamed parties as defendants. (Dkt. #1, pp. 2-3, ¶¶6-14).

  The following allegations are contained in Plaintiff's unverified complaint. The Lakewood Club was falsely incorporated in 1967, and has been operating under fraudulent

pretenses since that date. (Dkt. #1, pp. 4-5, ¶¶23-28).[1] Because of this fraudulent incorporation, the Lakewood Club has no power to levy property taxes, which also renders any assessment of property taxes against Plaintiff unlawful. (Dkt. #1, p. 6, ¶52). Fifth Third Bank holds a mortgage on Plaintiff's property located in the Village of Lakewood Club ("Lakewood Club"). (Dkt. #43, p. 3). Fifth Third Bank is engaged in racketeering because it received money "for pretending the Village of Lakewood Club is incorporated . . . ." (Dkt. #1, p. 7, ¶61). Fifth Third Bank is also engaged in racketeering because it: (1) steals money from Plaintiff's mortgage payments to pay down the delinquent property taxes; and (2) assesses late fees against Plaintiff "to coerce him to pay Lakewood Club's property tax . . . ." (Dkt. #1, p. 7, ¶¶64-65). Furthermore, Defendants "know[] the Village of Lakewood Club is not incorporated." (Dkt. #1, p. 7, ¶¶74-79). This knowledge, according to Plaintiff, means that Defendants commit "mortgage fraud" and "theft" when Defendants "take[] money from Plaintiff's mortgage payment" and forward it to Lakewood Club "for an unlawful property tax debt." (Dkt. #1, p. 16, ¶¶173-90). Furthermore, Defendants stole Plaintiff's mortgage payments "for the collection and payment of an unlawful debt" and knowingly misrepresented that Plaintiff owed delinquent property taxes to Lakewood Club. (Dkt. #1, p. 14-15, ¶¶149-54, 160-71).

As a result of this activity, Plaintiff has suffered "physical injury" (dkt. #1, p. 12, ¶135) in the form of a "tear in his aorta" caused by the "stress of being forced to pay a property tax to an unincorporated village." (Dkt. #1, p. 12, ¶136). Defendants Paul-Allen Bixler, Frederick Troncone, Paul Bryan Moore, Phillip Bodle, Barbara Ibold, and Jonathan Meade ("Defendants")

---

[1] Plaintiff's complaint is comprised primarily of legal conclusions rather than factual assertions. These legal conclusions will not be accepted as true, nor will they be relied upon in the subsequent analysis. As discussed below, legal conclusions are insufficient to defeat Defendants' motion. Nevertheless, such are vital to understanding the gravamen of Plaintiff's complaint.

now move to dismiss Plaintiff's allegations on the ground that such fail to state a claim upon which relief may be granted. (Dkt. #43).

**II. Standard of Review**

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where

> the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 F. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

**III. Analysis**

**A. RICO Violations**

The RICO provision authorizing civil actions allows "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]" to file suit under RICO. 18 U.S.C. § 1964(c). 18 U.S.C. § 1962(c) states:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to

conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering or collection of unlawful debt.

18 U.S.C. § 1962(c).

To properly allege a RICO claim, the complaining party must show: "'(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.'" *Heinrich v. Waiting Angel Adoption Serv., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012) (quoting *Sedima, S.P.R.L v. Imrex Co.*, 473 U.S. 479, 496 (1985)). To satisfy the racketeering element of a RICO claim, Plaintiff must allege at least one of the various offenses identified in 18 U.S.C. § 1961(1)(B). These offenses are referred to as the predicate acts of racketeering. *See generally Brown v. Cassens Transp. Co.*, 546 F.3d 347, 352 (6th Cir. 2008). To properly allege a RICO claim, Plaintiff must also show injury to his business or property; physical injury is not compensable. *See Brown v. Cassens Transp. Co.*, 675 F.3d 946, 959 (6th Cir. 2012) ("[r]ecovery for physical injury or mental suffering is not allowed under RICO because it is not an injury to business or property.").

Plaintiff's complaint alleges predicate acts of unlawful debt collection, theft, racketeering, and mortgage fraud. (Dkt. #1, pp. 7, 14, 16-17, ¶¶64-65, 148-54, 173-90). Simply alleging legal conclusions regarding these predicate acts, however, does not satisfy Plaintiff's pleading burden. Plaintiff must instead allege facts sufficient to satisfy each element of the predicate act. *See Heinrich*, 668 F.3d at 404.

*1. Collection of an Unlawful Debt*

Under RICO, unlawful debt is defined as:

(A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State of political subdivision thereof, or which is

unenforceable under State of Federal law in whole or in part as to principle or interest because of the laws relating to usery, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a state or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate.

18 U.S.C. § 1961(6).

To survive Defendants' motion to dismiss, Plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 677-78. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. Plaintiff alleges no facts, but instead merely alleges Defendants' "theft of Otworth's mortgage payment for the collection and payment of an unlawful debt is itself a RICO [violation] . . . ." This statement fails to assert facts sufficient to raise Plaintiff's right to relief above the speculative level. *See Twombly*, 550 U.S. at 545. Therefore, Plaintiff has failed to state a civil RICO claim, predicated on unlawful debt collection, upon which relief may be granted.

### 2. Theft

Theft is not a recognized predicate act of racketeering under 18 U.S.C. § 1961(1)(B). Because theft is not a predicate act of racketeering, Plaintiff has failed to properly allege the elements of a RICO violation. *See Waiting Angel Adoption Serv.*, 668 F.3d at 404. As such, Plaintiff's theft allegations fail to state a claim upon which relief may be granted.

### 3. Mortgage Fraud

Mortgage fraud is not a recognized predicate act of racketeering under 18 U.S.C. § 1961(1)(B). Because mortgage fraud is not a predicate act of racketeering, Plaintiff has failed to

properly allege the elements of a RICO violation. *See Waiting Angel Adoption Serv.*, 668 F.3d at 404. Therefore, Plaintiff's mortgage fraud allegations fail to state a claim upon which relief may be granted.

*4. Racketeering*

Section 1961(1)(B) recognizes violations of 18 U.S.C. § 1952 as a predicate racketeering act. It is illegal under § 1952 for anyone who travels in interstate commerce or uses the mail service to intentionally: "(1) distribute the proceeds of an unlawful activity, (2) commit any crime of violence to further any unlawful activity; or (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of any unlawful activity." 18 U.S.C. § 1952(a).

Plaintiff's complaint rests on legal conclusions. Plaintiff states "the money that Fifth Third Bank Defendants receive for pretending the Village of Lakewood Club is incorporated is racketeering." (Dkt. #1, p. 7, ¶61). Plaintiff further concludes the "theft" of his mortgage payments is racketeering and the assessment of charges on Plaintiff's mortgage to coerce the payment thereof is racketeering. (Dkt. #1, p. 7, ¶¶64-65). These legal conclusions are inapplicable when testing the sufficiency of Plaintiff's claim. *Iqbal*, 556 U.S. at 677-78. In the absence of these legal conclusions, Plaintiff offers no factual allegations that raise his claim for relief above a speculative threshold. *See Twombly*, 550 U.S. at 545. Plaintiff, therefore, fails to state a claim upon which relief may be granted.

*5. Failure to Allege Injury to Business or Property*

In addition to the preceding shortcomings, Plaintiff has further failed to allege that he suffered an injury to his business or property. As previously noted, alleged physical injuries are insufficient to sustain a RICO claim. *See Cassens Transp. Co.*, 675 F.3d at 959. This failure is fatal to Plaintiff's RICO claims.

With respect to Plaintiff's RICO claims, Plaintiff has failed to state a claim upon which relief may be granted. The undersigned, therefore, recommends Defendants' motion to dismiss Plaintiff's RICO claims under Rule 12(b)(6) be **granted**.

**B. Fraud**

Plaintiff alleges Defendants committed fraud, but it is unclear whether these claims are asserted under Michigan or Ohio law. The undersigned, therefore, will analyze Plaintiff's claims under both.

*1. Michigan Law*

Michigan law is settled on the requirements to maintain an action for fraud. To state a claim for fraud, Plaintiff must demonstrate six elements: (1) the defendant made a material representation, (2) that it was false, (3) the defendant made the representation knowing that it was false or made it recklessly without knowledge of its truth, (4) that the defendant intended that the plaintiff would act on the representation, (5) that the plaintiff relied on the representation, and (6) that the plaintiff suffered injury as a result of having relied on the representation. *Lucas v. Awaad*, 299 Mich. App. 345, at *8 (Mich. Ct. App. 2013) (citing *Cooper v. Auto Club. Ins. Ass'n*, 751 N.W.2d 443, 448 (Mich. 2008)).

Plaintiff states, "[Defendants'] allegation[s] that Otworth owed delinquent property taxes to the Village of Lakewood Club was false statement of material fact; [Defendants] knew [their] statement[s] were untrue because [they] had copies of the five exhibits attached to this complaint." (Dkt. #1, p. 15, ¶¶160-71). Plaintiff alleges that the exhibits to his complaint prove "beyond all reasonable doubt that the Village of Lakewood Club is not incorporated." (Dkt. #1, p. 15, ¶172). To properly state a claim for fraud, Plaintiff must plead all six elements of the tort. Failure to plead any element will result in failure of the claim. While Plaintiff arguably alleges facts sufficient to satisfy certain elements of fraud, he has failed to allege that Defendants, "made the representation knowing that it was false or made it recklessly without knowledge of its truth." *Awaad*, 299 Mich. App. at *8 (citation omitted). As such, Plaintiff has not properly pled all elements of fraud. Therefore, Plaintiff, under Michigan law, has failed to state a claim for fraud upon which relief may be granted.

*2. Ohio Law*

Under Ohio law, to state a claim for common-law fraud, Plaintiff must allege "(1) a material false representation (2) knowingly made (3) with the intent to induce reliance (4) reasonable reliance upon the misrepresentation by the plaintiff, and (5) damages proximately caused by the reliance." *Carter-Jones Lumber Co. v. Denune*, 725 N.E.2d 330, 333 (Ohio. Ct. App. 1999) (citing *Burr v. Stark Cty. Bd. of Commrs.*, 491 N.E.2d 1101, ¶2 of syllabus) (Ohio 1986)).

While Plaintiff arguably alleges facts sufficient to satisfy certain elements of fraud, he has failed to allege Defendants "knowingly made" any "material false representation." *Carter-Jones Lumber Co.,* 725 N.E.2d at 333 (citation omitted). As such, Plaintiff has not properly pled all

elements of fraud. Therefore, Plaintiff has failed to state a claim for fraud upon which relief may be granted.

**C. Breach of Fiduciary Duty**

Plaintiff alleges Defendants breached their fiduciary duty, but it is unclear whether these claims are asserted under Michigan or Ohio law. The undersigned, therefore, will analyze Plaintiff's claims under both.

*1. Michigan Law*

Under Michigan law, "a fiduciary duty arises from the reposing of faith, confidence, and trust, and the reliance of one upon the judgment and advice of another." *First Public Corp. v. Parfet*, 246 Mich.App. 182, 191, 631 N.W.2d 785 (Mich. Ct. App. 2001). A plaintiff is entitled to relief "when a fiduciary relationship arises and the fiduciary's influence has been acquired and abused, or when confidence has been reposed and betrayed." *Edwards Publications, Inc. v. Kasdorf*, 2009 WL 131636, at *6 (Mich. Ct. App. 2009) (citing *Vincencio v. Jaime Ramirez, MD, PC*, 211 Mich.App. 501, 508, 536 N.W.2d 280 (Mich. Ct. App. 1995)). Fiduciary relationships are founded generally in personal or business relationships in which trust or confidence is acceptable. *Kasdorf*, 2009 WL 131636, at *6 (citing *Boden v. Renihan*, 299 Mich. 226, 239, 300 N.W. 53 (Mich. 1941)). However, where the interests of each party are adverse, it is unreasonable for a person to repose trust and confidence in the other party. *See Beaty v. Hertzberg & Golden, PC*, 456 Mich. 247, 260-61, 571 N.W.2d 716 (Mich. 1997)). Accordingly, fiduciary duties do not generally arise in the context of a lender-borrower relationship. *Farm Credit Servs. of Michigan's Heartland, PCA v. Weldon*, 232 Mich.App. 662, 680, 591 N.W.2d 438 (Mich. Ct. App. 1998). Furthermore, "mere allegations of inexperience and reliance are

insufficient to establish a fiduciary relationship." *Kasdorf*, 2009 WL 131636, at *6 (citing *Ulrich v. Fed. Land Bank of St. Paul*, 192 Mich.App. 194, 196, 480 N.W.2d 910 (Mich. Ct. App. 1991)). The determination of whether a fiduciary duty exists is a matter or law. *See Kasdorf*, 2009 WL 131636, at *6.

Plaintiff's allegations that he placed trust and confidence in Defendants to properly manage his loan are insufficient to establish Defendants owed Plaintiff any duty. (Dkt. #1, p. 20, ¶¶223). The mere fact that Defendant "maintained control over the terms of [Plaintiff's] loan repayment . . . are insufficient as a matter of law to establish a fiduciary relationship . . . ." *Weldon*, 232 Mich.App. at 680-81. In light of this, Plaintiff has failed to state a claim for breach of fiduciary duty under Michigan law.

*2. Ohio Law*

To state a claim for breach of fiduciary duty, Plaintiff must show "the existence of a duty arising out of a fiduciary relationship, failure to observe that duty, and injury resulting proximately therefrom." *Spalla v. Fransen*, 188 Ohio App.3d 666, 673, 936 N.E.2d 559, 564 (Ohio Ct. App. 2010). Generally, the relationship between a creditor and debtor is not fiduciary in nature. *Needham v. The Provident Bank*, 110 Ohio App.3d 817, 828, 675 N.E.2d 514, 521 (Ohio Ct. App. 1996). Furthermore, "a fiduciary relationship cannot be unilaterally created by one party in the creditor/debtor relationship." *Id.* at 830.

Plaintiff unilaterally alleges that a fiduciary relationship exists. (Dkt. #1, pp. 20-21, ¶¶221-224). Such allegations, however, are insufficient to create a fiduciary relationship between a debtor and creditor. *Needham,* 110 Ohio App.3d at 830. Because Plaintiff cannot establish the

existence of a fiduciary relationship as a matter of law, Plaintiff fails to state a claim for breach of fiduciary duty under Ohio law upon which relief may be granted.

**IV. Conclusion**

As articulated herein, the assertions in Plaintiff's complaint fail to state a claim upon which relief may be granted. Then undersigned, therefore, recommends <u>Defendants' Motion to Dismiss Under Rule 12</u>, (Dkt. #42), be granted and Plaintiff's claims against Defendants Bixler, Troncone, Moore, Bodle, Ibold, and Meade be **dismissed**.

Respectfully submitted,

Date: July 23, 2013 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).