UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE OTWORTH,

    Plaintiff,

v

WANDA BUDNIK, et al.,

    Defendants.
_____/

Case No. 1:13-cv-129

HON. JANET T. NEFF

## **OPINION AND ORDER**

    Plaintiff initiated this case on February 6, 2013 by filing a Complaint alleging Fraud (Count I); Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* (Count II); and Breach of Fiduciary Duty (Count III). Plaintiff filed a Motion for Summary Judgment (Dkt 29), and Defendants filed motions to dismiss (Dkts 18 & 42). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) on each motion. The Magistrate Judge recommends that this Court grant Defendants' motions to dismiss (Dkts 59 & 61) and deny Plaintiff's Motion for Summary Judgment (Dkt 29). The matter is now pending before the Court on Plaintiff's Objections to the Reports and Recommendations (Dkt 67). Plaintiff contemporaneously filed an Amended Notice of Appeal (Dkt 66) and subsequently filed a Motion for Recusal (Dkt 68, as amended by Dkt 70). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Reports and Recommendations to which objections have been made. The Court denies the Objections,

1

denies the Amended Notice of Appeal, denies the Motion for Recusal, and issues this Opinion and Order.

## I. Objections

As a threshold matter, Plaintiff argues in his Objections to the Reports and Recommendations that the defense attorneys failed to properly serve their respective motions to dismiss (Objs., Dkt 67 at 4). Plaintiff's argument lacks merit. Federal Rule of Civil Procedure 5(a)(1)(D) instructs that written motions must be served on every party. Rule 5(b)(1), in turn, provides that if a party is represented by an attorney, service must be made on the attorney. Rule 5(b)(2)(E) allows for service by electronic means, and this Court's local rules provide that an attorney registered through the electronic case filing ("ECF") system automatically consents to electronic service in any civil action in which the attorney appears. *See* W.D. Mich. LCivR 5.7. The motions to dismiss in this case were served via ECF on all defense attorneys, and Plaintiff's objection therefore reveals no error.

Next, Plaintiff argues that the Magistrate Judge erred in "deliberately fail[ing] to mention ... [the] indisputable evidence that Lakewood Club is not incorporated" (Objs., Dkt 67 at 3). However, the Magistrate Judge mentioned Plaintiff's allegation that "[t]he Village of Lakewood Club was falsely incorporated in 1967 and has been operating under fraudulent pretenses since that date" (R&R, Dkt 59 at 1-2, quoting Compl., Dkt 1 at ¶¶ 23-28). The Magistrate Judge also mentioned Plaintiff's allegation that "[b]ecause this incorporation was improper, the elected officials of the Lakewood Club have been acting illegally and in a manner that is 'racketeering' for the last half century" (*id.,* quoting Compl., Dkt. 1 at ¶¶ 36-37, 58-60, 63, 67-68). Plaintiff's argument therefore lacks merit. Moreover, as Plaintiff fails to demonstrate how his incorporation-objection

reveals any error in the Magistrate Judge's determination that Plaintiff failed to plausibly state the elements of his claims, Plaintiff's argument fails to demonstrate that a result other than the dismissal recommended by the Magistrate Judge is warranted in this case. In short, this objection by Plaintiff is also denied, and this Court adopts the Magistrate Judge's Reports and Recommendations as the Opinion of this Court.

## II. Notice of Appeal

This Court previously denied Plaintiff's Appeal (Dkt 64) from a July 22, 2013 Order of the Magistrate Judge denying his motion to appoint counsel (Order, Dkt 65). At bar is Plaintiff's Amended Notice of Appeal from the same order of the Magistrate Judge (Dkt 66). Having now adopted the Magistrate Judge's recommendation to dismiss this case, Plaintiff's Amended Notice of Appeal is properly denied as moot. *See also Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (appointment of counsel is not justified where the Court finds the pro se litigant's complaint fails to state a claim or the chances of success are extremely slim).

## III. Motion for Recusal

In his Motion for Recusal (Dkt 68, as amended by Dkt 70), Plaintiff opines that "[c]orrupt Judges such as Janet T. Neff and Ellen S. Carmody who deprive pro se litigant Plaintiffs in civil actions of an opportunity for justice should be fired" (Dkt 68 at 1). Plaintiff alleges that this Court, in particular, has demonstrated bias by "refusing to take Judicial Notice of current law" and agreeing with the Magistrate Judge that Plaintiff's exhibits are "unsubstantiated assertions" (*id.*).[1]

---

[1]The Court notes that Plaintiff also opines in his Objections to the Reports and Recommendations that the Magistrate Judge is "corrupt" and was "paid to allege in her Report and Recommendation" (Dkt 67 at 1).

3

Plaintiff cites no legal authority for the disqualification of this Court or the Magistrate Judge. However, under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See generally Liteky v. United States*, 510 U.S. 540, 547-48 (1994). The standard for recusal is an objective one: "'a judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citation omitted).

Plaintiff provides no support for his general accusations of judicial bias, and his mere subjective view does not support disqualification. *Sammons*, 918 F.2d at 599 ("[The] judge need not recuse himself based on the 'subjective view of a party,' no matter how strongly that view is held.") (citation omitted). Moreover, Plaintiff's dissatisfaction with the results in his case does not support disqualification as "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky*, 510 U.S. at 555. Plaintiff's Motion for Recusal fails to identify any legitimate basis for the disqualification of either this Court or the Magistrate Judge, and the motion is denied.

Therefore:

**IT IS HEREBY ORDERED** that the Objections to the Reports and Recommendations (Dkt 67) are DENIED and the Reports and Recommendations (Dkts 59-61) are APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt 29) is DENIED.

**IT IS FURTHER ORDERED** that Defendants Budnik and Swanson's Motion to Dismiss (Dkt 18) is GRANTED.

**IT IS FURTHER ORDERED** that Defendants Bixler, Bodle, Ibold, Meade, Moore, and Troncone's Motion to Dismiss (Dkt 42) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Notice of Appeal (Dkt 66) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal (Dkt 68, as amended by Dkt 70) is DENIED.

As this Opinion and Order resolves all pending claims, a Judgment will also be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.


Dated: January 24, 2014            /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge